# MEMORANDUM

# A CASE NOT REPORTED IN FULL.

AMANDA M. O'NEILL, RESPONDENT, v. THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, APPELLANT.

*Negligence — liability of a railroad for damages occasioned to wood land by sparks from its locomotives — admissibility of evidence to show that the owner was unable from want of money to take steps which would have reduced the amount of damages.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Sullivan Circuit, and also from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages to the plaintiff's wood lands, which were alleged to have been caused by sparks from a locomotive engine in use on the defendant's road.

The court at General Term said: "The defendant urges that plaintiff should have been nonsuited on the ground that there was no evidence of negligence. In *Webb* v. *Rome, Watertown and Ogdensburgh Railroad Company* (49 N. Y., 429), an action of similar character, it was pointed out that the negligent act consisted not merely in the suffering coals to fall from the engine; that it was made up of all the circumstances, such as, among others, the dryness of the atmosphere, of the earth and its herbage, and the accumulation of weeds, grass and rubbish by the side of defendant's track.

"Now in the present case there are similar facts There were old ties piled up on the lands of the railroad, and brush and briers, cut brush and old bark; and there had been quite a severe drought for the time of year, May. The wind was blowing hard, and there

was some evidence that sparks "as large as walnuts, chunks and cinders" came from the smoke-stack  The defendant claims that no engine can be made which will not throw sparks  If this be so, it may impose the greater care upon the company to clear up and keep from their track dry and combustible material  Certainly they ought not unnecessarily to pile up such materials where sparks would probably fall upon it.  In the view of the case above cited, we think the nonsuit was properly refused.  *  *  *  The next is in regard to a question about the cutting of the wood  The plaintiff's woods had been burned  The plaintiff had shown the consequent diminution in value of her farm  The defendant, on cross-examination, had shown the value of the wood in the tree after the fire, in order to reduce the damages.  The plaintiff showed that it was impossible for her to cut the wood in the spring after the fire, because she did not have the necessary money  To this evidence the defendant objected  We think it was proper  The plaintiff's property had been injured by defendant's negligence.  It was undoubtedly plaintiff's duty to take reasonable care that the loss should not be made greater than necessary.  But what the plaintiff could do in this respect depended on circumstances.  She could not be called upon, in the lack of pecuniary means, to cut down in the spring time this burned wood, in order to diminish defendant's liability  She was the owner of a farm, and would naturally have other work to attend to  It was proper to explain why she could not attend to this work for the defendant's benefit  If the defendant had desired to reduce the damages which it had caused, it might have offered to cut and dispose of the wood itself for the plaintiff's benefit."

"We think the judgment and order should be affirmed, with costs."

*George H Carpenter*, for the appellant.

*W. F. O'Neill*, for the respondent.

Opinion by LEARNED, P. J. ; BOCKES and LANDON, JJ., concurred. Judgment and order affirmed, with costs.